IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE: ) Case No. 14-17406

Winslow Crocker ) Chapter 11
    Debtor-In-Possession
) Judge Arthur I. Harris

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FOURTH PLAN OF REORGANIZATION
PROPOSED BY:

<u>Debtor in Possession Winslow Crocker</u>

Dated: 3/3/17

Winslow Crocker, by and through counsel, Richard E. Hackerd, submits his Plan of Reorganization in accordance with Chapter 11 of the Bankruptcy Reform Act of 1978.

## ARTICLE 1
## PLAN DEFINITIONS

1.1     "Claim" shall mean any duly listed or timely filed claim which is approved and ordered paid by the Court following determination, allowance, and estimation, if necessary, of the amount of the claim pursuant to 11 U.S.C. 502.

1.2     "Court" shall mean the United States Bankruptcy Court for the Northern District of Ohio, Eastern Division, including the bankruptcy judge, Jessica Price Smith, presiding in the Chapter 11 case of the Debtor.

1.3     "Dates of Distribution" shall mean the date upon which the initial monies are distributed under the Plan.

1.4     "Effective Date" shall mean February 28, 2017.

1.5     "Impaired Claim" shall mean a claim of which the legal, equitable, or contractual rights of the holder are altered by the Plan.

1.6     "Plan" shall mean Plan of Reorganization of Debtor in its present form or as it may be amended, modified, or supplemented.

1.7     "Reorganized Debtor" shall mean Winslow Crocker after the Plan becomes effective.

1.8     "Secured Creditors" shall mean all Creditors who hold a valid lien, security interest, or other encumbrance, which has been properly perfected as required by law with respect to property of the Debtor on or before November 23, 2014, or as authorized by Order of the Bankruptcy Court.

1.9     "Unsecured Creditors" shall mean all Creditors of the Debtor holding claims for unsecured debts, liabilities, demands, or claim of any character whatsoever including judgment lien creditors whose judgment liens are determined to be preferential or otherwise void or voidable.

# ARTICLE II
# CLASSIFICATION OF CLAIMS

     2.1    A claim is in a particular class only to the extent that the claim qualifies within the description of that class and is in a different class to the extent that the remainder of the claim qualifies within the description of the different class.

     2.2    All allowed claims and all allowed interests are divided into the following classes, each of which shall be mutually exclusive:

    (a)    CLASS 1 (Administrative Claims)
Class 1 consists of costs and expenses of administration as defined in Bankruptcy Code 507(a) for which application for allowance of the claim is approved and ordered paid by the Court. The Code requires that all administrative expenses must be paid on the effective date of the Plan unless a claimant agrees to a different treatment.

    (b)    CLASS 2 (Allowed Priority Unsecured Claims)
Class 2 consists of all claims entitled to priority by 507(a)(8) and its corresponding subsections of the Bankruptcy Code as same are allowed, approved, and ordered paid by the Court.

    (c)    CLASS 3 (Allowed Secured Claims-Relief from Stay)
Class 3 consists of the secured claim of creditors who have received relief from stay and/or abandonment. There are no members of class 3 as of the date of this proposed plan.

    (d)    CLASS 4 (Allowed Secured Claims-Property #1)
Class 4 consists of the allowed, secured claim for property #1, located at **2838 Hampshire Road, Cleveland, OH 44118**.

(e) Class 5 (Allowed Secured Claims-Property #2)
Class 5 consists of the allowed, secured claim for property # 2, located at **2189 Oakdale, Cleveland Hts, OH 44118**.

(f) Class 6   (Allowed Secured Claims-Property #3)
Class 6 consists of the allowed, secured claim for property #3 at **1637-1639 Glenmont, Cleveland Hts, OH 44118**.

(g) Class 7   (Allowed Secured Claims-Property #4)
Class 7 consists of the allowed, secured claim for property #4 at **14351 Superior, Cleveland Hts, OH 44118**.

(h) Class 8 (Allowed Secured Claims-Property #5)

Class 8 consists of the allowed, secured claim for property #5 at **1969 East 124th Place, Cleveland, OH 44106**.

(i) Class 9    (Allowed Secured Claims-Property #6)
Class 9 consists of the allowed, secured claim for property #6 at **1948 E 120th Street, Cleveland, OH 44106**.

(j) Class 10    (Allowed Secured Claims-Property #7)
Class 10 consists of the allowed, secured claim for property #7 at **1508 Pennsylvania Ave, apt 8B, Miami Beach FL**.

(k) Class 11    (Allowed Secured Claims-Property #8)
Class 11 consists of the allowed, secured claim for property #8 at **2165 Rexwood, Cleveland Heights, OH 44118**

(l) Class 12    (Allowed Secured Claims-Property #9)
Class 12 consists of the allowed, secured claim for property #9 at **2818 Hampshire, Cleveland Heights, OH 44118**

(m) Class 13    (Allowed Secured Claims-Property #10)
Class 13 consists of the allowed, secured claim for property #10 at **2300 Bellfield, Cleveland Heights, OH 44106**

(n) Class 14 (Unsecured Creditors)
Class 14 consists of the unsecured creditors' claims.   This class includes those portions of the notes otherwise secured by first, second or third mortgages which are deemed unsecured by the plan.

# ARTICLE III
# TREATMENT OF CLASSES UNDER THE PLAN

Debtor intends to keep all property of the estate.

3.1     CLASS 1 CLAIMS (Administrative Claims)
All administrative claims shall be paid in full, in cash, in such amounts as are incurred in the ordinary course of business by the Debtor or in such amounts as such administrative claims are allowed by the Bankruptcy Court (a) thirty (30) days after the Effective Date or thirty (30) days the date upon which the Bankruptcy Court entered an order allowing any such administrative claim, whichever is later, or (b) upon such other terms as may be agreed upon between such claimants and the Debtor.   In the event the Bankruptcy Court does not allow the fees of the professionals as of the Effective Date, then such professionals shall be entitled to file an application for fees, subsequent to the entry of confirmation and the effective date and upon approval and entry of an order, the reorganized Debtor shall be required to pay same.   The Debtor shall continue to file quarterly reports with the Office of the United States Trustee and maintain all statutory fees until the Chapter 11 proceeding is closed, converted, or dismissed.

The Debtor has fully paid all filing fees, US Trustee's Fees and appraisers through the date of filing of this disclosure.

The Debtor's attorney's fees will be paid over time.   The Debtor has paid $20,000.00 before commencement of the case.   The remaining attorney's fee is estimated to be $60,000; the remaining balance will be paid in one installment of $30,000 on confirmation and 60 monthly installments of $500.00 during the plan.   In addition to fees, the debtor has paid or may still owe additional costs such as filing fees and postage.   If paid, these appear on the monthly expense reports, if still owed they will be paid in addition to the amounts owed in this paragraph.

3.2     CLASS 2 CLAIMS (Priority Unsecured Claims Pursuant to 11 U.S.C. 507.)
The allowed priority unsecured claims are established pursuant to 507 of the United States Bankruptcy Code and its corresponding subsections.
Each holder of an allowed Priority Unsecured Claim shall be paid in full upon its allowance.   Such claims shall be paid in 60 monthly installments of 1/60 of the allowed claim amount.   Payment shall be made from proceeds of the Debtor's operations to be distributed monthly commencing 30 days following the effective date of confirmation and continuing monthly thereafter until all allowed Priority unsecured Claims shall be paid in full.

There are no priority unsecured claims filed as of this date and it is not anticipated that any additional priority claims will be filed.

3.3     CLASS 3 CLAIMS (Secured Claims-Relief From Stay)
This class consists of the allowed secured claims on Properties for which relief from Stay has been sought and granted.   At this time there are no members of Class 3.

3.4     CLASS 4 CLAIMS (Allowed Secured Claims-Property #1)
This class consists of the allowed secured claims on Property #1, **2838 Hampshire Road, Cleveland, OH 44118**.   This is the Debtor's primary residence.   There is a first and a second mortgage on the property both held by creditor Ocwen Loan Servicing.

The property's fair market value at the time of filing was $140,400.00.

The $159,669 first mortgage will be paid in full under the existing contract terms.

The second mortgage is wholly unsecured and is void pursuant to 11 U.S.C. 506; the claim will be allowed as an unsecured claim hereunder.

3.5     CLASS 5 CLAIMS (Allowed Secured Claims-Property #2)
This class consists of the allowed secured claims on Property #2, located at **2189 Oakdale, Cleveland Hts, OH 44118**.   There is a first mortgage on the property held by creditor Pennymac Loan Services.

The property's fair market value at the time of filing was $80,000.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing.   The creditor will receive an allowed secured claim in the amount of $80,000; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a) (5) (G). The allowed secured claim provided for herein will be paid at 4% interest and amortized over a period of 30 years for a monthly payment of $381.93; the first payment will commence on the first day of the first full month following confirmation of this plan.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

3.6     CLASS 6 CLAIMS (Allowed Secured Claims-Property #3)
This class consists of the allowed secured claims on Property 3, **1637-1639 Glenmont, Cleveland Hts, OH 44118**.   There is a first mortgage on the property held by creditor Pennymac Loan Services.

The property's fair market value at the time of filing was $75,000.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing.   The creditor will receive an allowed secured claim in the amount of $75,000; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a) (5) (G). The allowed secured claim provided for herein will be paid at 3.5% interest and amortized over a

period of 30 years for a monthly payment of $336.78; the first payment will commence on the first day of the first full month following confirmation of this plan.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

    3.7    CLASS 7 CLAIMS (Allowed Secured Claims-Property #4)

This class consists of the allowed secured claims on Property #4, **14351 Superior Cleveland Hts, OH 44118**. There is a first mortgage on the property held by creditor Pennymac Loan Services.

The property's fair market value at the time of filing was $70,000.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing. The creditor will receive an allowed secured claim in the amount of $70,000; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a) (5) (G). The allowed secured claim provided for herein will be paid at 3.5% interest and amortized over a period of 30 years for a monthly payment of $314.33; the first payment will commence on the first day of the first full month following confirmation of this plan.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

    3.8    CLASS 8 CLAIMS (Allowed Secured Claims-Property #5)

This class consists of the allowed secured claims on Property #5, **1969 East 124th Place Cleveland, OH 44106**. There is a first and a second mortgage on the property held by creditors Americas Servicing Co and Citibank NA. Creditors Citibank and the Cuyahoga County Treasurer have agreed to this treatment. Doc 8, 10.

The property's fair market value at the time of filing was $69,200. Docs 8, 10, 21.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing. The creditor will receive an allowed secured claim in the amount of $69,200; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a) (5) (G). The allowed secured claim provided for herein will be paid at 2.875% interest and amortized over a period of 30 years for a monthly payment of $287.10; the first payment will commence on the first day of the first full month following confirmation of this plan.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

The second mortgage is wholly unsecured and is void pursuant to 11 U.S.C. 506; the claim will be allowed as an unsecured claim hereunder.

3.9     CLASS 9 CLAIMS (Allowed Secured Claims-Property #6)
This class consists of the allowed secured claims on Property #6, **1948 E 120th Street Cleveland, OH 44106**.   There is first mortgage on the property held by creditor Nationstar Mortgage LLC.   The parties have agreed to this treatment.   Docs 9, 14.

The property's fair market value at the time of filing was $129,338.20.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing.   The creditor will receive an allowed secured claim in the amount of $129,338.20; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a)(5) (G). The allowed secured claim provided for herein will be paid at 3.5% interest and amortized over a period of 30 years for a monthly payment of $581.00; the first payment will commence on the first day of the first full month following confirmation of this plan.
Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

3.10   CLASS 10 CLAIMS (Allowed Secured Claims-Property #7)

This class consists of the allowed secured claims on Property #7, **1508 Pennsylvania Ave, apt 8B, Miami Beach FL**.   There is a first and second mortgage on the property held by creditors Chase and Winslow Crocker, Sr.

The property's fair market value at the time of filing was $200,000.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing.   The creditor will receive an allowed secured claim in the amount of $200,000.00; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a)(5) (G). The allowed secured claim provided for herein will be paid at 3.5% interest and amortized over a period of 30 years for a monthly payment of $898.09; the first payment will commence on November 1, 2015.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

The second mortgage is wholly unsecured and void pursuant to 11 U.S.C. 506 and shall be treated as an unsecured claim hereunder.

3.11   CLASS 11 CLAIMS (Allowed Secured Claims-Property #8)

This class consists of the allowed secured claims on Property #8, 2165 Rexwood, Cleveland Heights, OH 44118. There is a first mortgage on the property held by creditor Dollar Bank.

The property's fair market value at the time of filing was $120,000.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing. The creditor will receive an allowed secured claim in the amount of $120,000; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a) (5) (G). The allowed secured claim provided for herein will be paid at 3.5% interest and amortized over a period of 30 360 day-years for a monthly payment of $542.19; the first payment will commence on the first day of the first full month following confirmation of this plan.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

3.12 CLASS 12 CLAIMS (Allowed Secured Claims-Property #9)

This class consists of the allowed secured claims on Property #9, **2818 Hampshire, Cleveland Heights, OH 44118**. There is a first and second mortgage on the property held by creditors US Bank NA, as trustee for Bear Stearns serviced by American Service and JP Morgan Chase.

The property's fair market value at the time of filing was $114,573.00

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing. The creditor will receive an allowed secured claim in the amount of $114,573; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a) (5) (G). The allowed secured claim provided for herein will be paid at 3.0% interest and amortized over a period of 30 years for a monthly payment of $483.04; the first payment will commence on the effective date of this plan.

Property taxes and insurance will be paid directly by the Debtor unless otherwise agreed.

The second mortgage is wholly unsecured and void pursuant to 11 U.S.C. 506 and shall be treated as an unsecured claim hereunder.

3.13 CLASS 13 CLAIMS (Allowed Secured Claims-Property #10)

This class consists of the allowed secured claims on Property #10, **2300 Bellfield, Cleveland Heights, OH 44106**. There is a first mortgage on the property held by creditor Wells Fargo Bank, NA.

The property's fair market value at the time of filing was $193,057.64.

The first mortgage claim is bifurcated pursuant to 11 U.S.C. 506 by operation of law at the time of filing. The creditor will receive an allowed secured claim in the amount of $193,057.64; The creditor may file an unsecured claim for any amount owed on its note in excess of that amount which shall be treated consistent with other unsecured claims herein. With respect to the allowed secured claim, any default is waived pursuant to 11 USC section 1123 (a)(5)(G). The allowed secured claim provided for herein will be paid at 3.75% interest and amortized over a period of 30 years for a monthly payment of $894; the first payment will commence on the effective date of the confirmation of this plan.

Insurance will be paid directly by the Debtor unless otherwise agreed.

Property taxes will be paid through escrow by the Debtor unless otherwise agreed.

3.14 CLASS 14 CLAIMS (Unsecured Claims)

General unsecured creditors are impaired. Debtor shall pay 60 monthly payments of $300 into a segregated account commencing in the first month following the confirmation of the plan for a total of $18,000.00. All unsecured creditors shall receive a pro-rata share of the allowed amount of their claims paid in cash every twelve months commencing one year after confirmation of the plan.

The total of unsecured debts identified by Debtor as of this date is $425,763.80.

## ARTICLE IV
## MEANS OF EXECUTION OF THE PLAN

4.1 The plan will be funded by the Debtor's full income from the rental properties. The Debtor upon confirmation, shall cause funds sufficient to comply with the proposed distribution set forth herein, to be deposited in a segregated distribution account. These funds shall be paid in accordance with the priority and classification of distribution provided herein. All secured creditor payments shall continue by direct payment of the Debtor in accordance with their respective classification treatment.

The Debtor's pro forma business income and expenses are summarized in the attached spreadsheet.

4.2 Interim Financing.

Debtor anticipates no interim financing.

## ARTICLE V
## DISCHARGE

5.1     The Debtor shall receive a discharge upon completion of all plan payments to unsecured creditors during the five year term of this plan as to any and all claims, obligations, and debts of the Debtor which arose prior to the filing date, pursuant to 1141(d)(1) of the Bankruptcy Code, except however that secured claims shall be permanently modified both as to balance and terms as provided for in the plan.

## ARTICLE VI
## MISCELLANEOUS PROVISIONS

6.1     Payments of any approved claim as provided for in this Plan shall constitute full settlement and satisfaction of the claim against the Debtor.

6.2     Upon completion of the terms of this Chapter 11 Plan of Reorganization, all statutory liens, by reason of filing a Certificate of Judgment held by any Creditors within this Chapter 11 Plan, shall be extinguished, and the Debtor shall be entitled to an order of the court canceling same and releasing same of record.

6.3     All claims duly allowed will be paid as provided in this Plan of Reorganization.

6.4     Extension of payment dates.   If the due date for any payment under the Plan falls

on a Saturday, Sunday, or other day which is not a business day, then such due date shall be extended to the next business day.

   6.5  Notices. Any notice required or made in accordance with the Plan shall be in writing and shall be delivered personally or by certified mail, return receipt requested, as follows:

    If to the Debtor:
     Winslow Crocker
     2838 Hampshire
     Cleveland Heights, OH 44118

    With a copy to Debtor's counsel:
     Richard E. Hackerd
     Attorney at Law
     55 Public Square, ste 2100
     Cleveland, OH 44113-1902

   If to a holder of an allowed claim, at the address set forth in its allowed proof of claim or at the address as set forth in the schedule prepared and filed with the Court pursuant to Rule 1007(b) of the Bankruptcy Rules of Procedure.

   6.6  Headings. The headings in the Plan are for convenience for reference only and shall not limit or otherwise affect the meanings hereof.

   6.7  Section and article references. Unless otherwise specified, all references in the Plan to sections and articles are to sections and articles in the Plan.

## ARTICLE VII
## COVENANTS OF THE DEBTOR

   From the effective date and until such time as the provision of the Plan pertaining to all classes have been substantially consummated, the Debtor shall be bound by the following covenants, unless at any time, any impaired class consents or unless and until an order of the Court providing for such substantial consummation shall be entered.

   7.1  Transactions outside the ordinary course of business. The Debtor shall incur no indebtedness or obligations outside the ordinary course of its business, other than the obligations detailed in this Plan.

   7.2  Financial reporting. The Debtor will provide to any Creditor who requests in writing copies of financial reports on an annual basis, not later than 120 days after the close of each fiscal year of the Debtor. The Debtor shall also provide interim financial reports on a quarterly basis as promptly as possible after the close of each quarter to any creditor who may request same in writing.

7.3     Insurance and taxes.  The Debtor shall maintain insurance coverage in substantial conformity with the coverage in effect on the confirmation date.   The Debtor shall make current payment on account of all tax liability incurred after the confirmation date, except to the extent that such tax is being contested in good faith and by appropriate procedures.

## ARTICLE VIII
## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction until this Plan has been fully consummated, for all appropriate purposes, including but not limited to, the following purposes:

8.1     The classification of the claim of any Creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to Creditors' claims.   The failure by the Debtor or the Reorganized Debtor to object to, or examine any claim for the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the claim in whole or in part.

8.2     Determination of all questions and disputes regarding title of the assets of the estate, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to actions pending as of the date of confirmation, between the Debtor and any other party, including, but not limited to, any right of the Debtor-in-Possession to recover assets pursuant to the provisions of Title 11 of the United States Code.

8.3     The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or the Order of Confirmation as may be necessary to carry out the purposes and intent of this Plan.

8.4     Supervision, to the extent appropriate and necessary, of any post-confirmation disputes.

8.5     The modifications of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

8.6     The enforcement and interpretation of the terms and conditions of this Plan.

8.7     Entry of any order, including injunctions, necessary to enforce the title, rights, and powers of the Debtor, the Reorganized Debtor and Debtor-in-Possession, and any party-in-interest, and to imposition of such limitations, restrictions, terms and conditions of such title, rights and powers as this Court may deem necessary.

8.8     Supervision or approval, to the extent appropriate and necessary, regarding any aspect of claims, which might be pursued on behalf of the Debtor or its unsecured creditors.

8.9 Entry of an Order concluding and terminating this case.

Dated: 3-3-2017                                         /s/Richard E. Hackerd
                                                        Richard E. Hackerd
                                                        Attorney for Debtor-in-Possession

# Certificate of Service

A copy of the foregoing FOURTH Chapter 11 Plan has been served this 3RD day of MARCH, 2017 as follows:

Through the court's ECF system upon all parties registered in the within case:

Steven Patterson on behalf of PennyMac Corp, at ohbk@rslegal.com

Phyllis A. Ulrich representing Dollar Bank at bankruptcy@carlisle-law.com

Edward J. Boll III, Esq, Attorney(s) for JPMorgan Chase Bank, National Association at nohbk@lsrlaw.com

Martha R. Spaner for Reisenfeld & Associates, LPA LLC at ohbk@rslegal.com

Ramesh Singh, c/o Recovery Management Systems Corporation
Financial Controller at claims@recoverycorp.com

Cynthia A. Jeffrey representing WELLS FARGO BANK, N.A., at cjeffrey@reimerlaw.com

David H. Yunghans, representing Reisenfeld & Associates, LPA LLC   at ohbk@rslegal.com

Crystal L. Saresky representing PennyMac Corp., by PennyMac Loan Services, LLC, at bankruptcies@gernerlaw.com

Edward H. Cahill representing Wells Fargo Bank NA, Citimortgage, Bank of NY, and US Bank at ehc@manleydeas.com

Jonathan R. Secrest for PennyMac Corp., by PennyMac Loan Services, LLC, at jsecrest@dickinsonwright.com

David C Nalley representing PennyMac Corp at ohbk@rslegal.com

By email upon:

Debtor:   Winslow H. Crocker III

Trustee:   Amy Good, ust08 on behalf of U.S. Trustee United States Trustee at amy.l.good@usdoj.gov

        /s/Richard E. Hackerd
        Richard E. Hackerd
        Attorney for Debtor

**Plan Business Cash Flow**
Income and Expense

| | #1 2838 Hampshire* | 2189 Oakdale #2 | 1637 Glenmont #3 | 14351 Superior #4 | 1969 E 124th #5 | 1948 E 120th #6 | 1508 Pennsylvania #7 | 2165 Rexwood #8 | 2818 Hampshire #9 | 2300 Bellfield #10 | All Properties | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Creditor | Ocwen Loan Servicing | Pennymac Loan Services | Pennymac Loan Services | Pennymac Loan Services | Americas Servicing Co | Nationstar Mortgage Llc | Chase | Dollar Bank | US Bank | Wells Fargo | | |
| Market Value on Filing | $140,400.00 | $80,000.00 | $55,000.00 | $55,000.00 | $69,200.00 | $129,338.20 | $200,000.00 | $120,000.00 | $114,583.00 | 193,057.64 | | |
| **Business Income** | | | | | | | | | | | | |
| Rental Income (2016 average) | $0.00 | $2,300.00 | $2,200.00 | $1,000.00 | $4,300.00 | $2,700.00 | $1,650.00 | $2,300.00 | $1,900.00 | $3,850.00 | | $22,200.00 |
| | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | $0.00 |
| | | | | | | | | | | | | $0.00 |
| **Business Expense** | | | | | | | | | | | | $0.00 |
| Advertising | | | | | | | | | | | | $0.00 |
| Auto and Travel | | | | | | | | | | | $250.00 | $250.00 |
| Bank Service Charges | | | | | | | | | | | $50.00 | $50.00 |
| Business Licenses and Permits | | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | | $270.00 |
| Insurance Expense | | $86.00 | $86.00 | $86.00 | $86.00 | $86.00 | $86.00 | $86.00 | $86.00 | $86.00 | | $774.00 |
| Commissions | | $20.00 | $20.00 | $20.00 | $20.00 | $20.00 | $170.00 | $20.00 | $20.00 | $20.00 | | $330.00 |
| Legal and other professional fees | | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | $30.00 | | $270.00 |
| Management/ Owner Expense | | | | | | | | | | | $3,000.00 | $3,000.00 |
| Repairs and Maintenance | | $500.00 | $400.00 | $300.00 | $500.00 | $500.00 | $300.00 | $500.00 | $500.00 | $500.00 | | $4,000.00 |
| vacancy 5% | | $115.00 | $110.00 | $50.00 | $215.00 | $135.00 | $82.50 | $115.00 | $95.00 | $192.50 | | $1,110.00 |
| Utilities | | $350.00 | $200.00 | $100.00 | $500.00 | $350.00 | $100.00 | $350.00 | $250.00 | $500.00 | | $2,700.00 |
| Property Taxes | $452.00 | $433.00 | $267.00 | $283.00 | $59.00 | $336.00 | $300.00 | $565.00 | $461.00 | $790.00 | | $3,494.00 |
| Payments** | $903.00 | $381.93 | $336.78 | $314.33 | $287.10 | $581.00 | $898.09 | $542.19 | $483.04 | $894.00 | | $4,718.46 |
| | | | | | | | | | | | | $0.00 |
| Condo Fee | | | | | | | $330.00 | | | | | $330.00 |
| | | | | | | | | | | | | $0.00 |
| **Total Business Expense*** | | $1,945.93 | $1,479.78 | $1,213.33 | $1,727.10 | $2,068.00 | $2,326.59 | $2,238.19 | $1,955.04 | $3,042.50 | $3,300.00 | $21,296.46 |
| | | | | | | | | | | | | |
| **Net Business Cash Flow** | | | | | | | | | | | | $903.54 |

**Case Related Payments**

| | |
|---|---|
| Trustee Fee | $100.00 |
| Legal | $500.00 |
| Unsecured Creditors | $300.00 |
| Total | $900.00 |

* Residence expenses are NOT included in business cash flow
** "Payments" are roughly analogous to interest and depreciation expense.                                                                                                              NET         $3.54
*** This is a cash flow analysis for purposes of feasibility.  Taxable income would be slightly lower since the properties are depreciated over 27.5 years, whereas the loan s are amortized over 30 yearss.